UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LINDA SZOLLOSY, on behalf of herself | : | |
| and as parent and next friend of CHARLES | : | |
| DEAN SZOLLOSY, | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | Civil Action No. |
| | : | 3:99 CV 870 (CFD) |
| HYATT CORPORATION, HYATT | : | |
| BRITANNIA CORPORATION LTD., | : | |
| WATERSPORTS ADMINISTRATION | : | |
| INC., AND RED SAIL CAYMAN LTD., | : | |
|     Defendants/Third-Party Plaintiffs | : | |
| | : | |
|     v. | : | |
| | : | |
| CHARLES SZOLLOSY | : | |
|     Third-Party Defendant | : | |

## RULING ON DEFENDANTS' MOTION FOR LETTER REQUEST FOR JUDICIAL ASSISTANCE

The defendants/third-party plaintiffs have filed a motion requesting that the Court send a letter rogatory to the Cayman Islands in order to procure the remote trial testimony via videoconference of a Mr. Angelo Chisholm, a resident of the Cayman Islands and a former employee of defendant Red Sail Cayman Ltd.[1]

Mr. Chisholm has not previously been deposed.  The Court notes that the discovery

---

[1] The defendants did not specify which authority they invoke in support of their motion, the Court's general power to issue a letter rogatory under 28 U.S.C. § 1781(b)(2), or the more specific procedures of issuing a letter request pursuant to the Hague Convention on the Taking of Evidence Abroad, Mar. 18, 1970, T.I.A.S. 7444, 23 U.S.T. 2555.  The Cayman Islands is a party to the Hague Convention by virtue of the United Kingdom's signature.
    The Court has evaluated the defendants' motion under both the generic powers extended by § 1781(b)(2) and under the Hague Convention.  Regardless, the classification does not affect the outcome of this ruling.

period in this case expired on June 30, 2004.  See Docs. # 190, 192.  The defendants have not moved to reopen discovery, nor have they shown good cause as to why any such motion should be granted.[2]  See Fed. R. Civ. P. 16; see also Gray v. Darien, 927 F.2d 69, 74 (2d Cir. 1991) (reiterating good cause standard for reopening discovery).  Not only did discovery expire over a year ago, but the parties' trial memorandum is due on November 16, 2005, and a jury already has been selected to hear evidence in this case beginning November 29, 2005.  Reopening discovery or permitting remote trial testimony would unfairly prejudice the plaintiff's and the third-party defendant's efforts to prepare this case for trial.

Attorney Lovejoy also told the Court that Mr. Chisholm's testimony had been heretofore undiscoverable: Mr. Chisholm eluded all efforts to be deposed during the discovery period, despite Attorney Lovejoy's assiduous efforts to locate him and secure his testimony.  According to Attorney Lovejoy, Mr. Chisholm did not contact him until mid-September 2005.  Even assuming that were true, the Court is troubled by Attorney Lovejoy's admission at the telephonic hearing that he declined to inform opposing counsel of this development until immediately before jury selection on November 2, 2005.  The Court also notes that a telephonic status conference previously was held in this matter on September 29, 2005 to set dates for jury selection and the beginning of evidence[3]; at no time during that call did Attorney Lovejoy alert

---

[2] In a telephonic hearing before the Court on November 14, 2005, defendants' counsel Frederick Lovejoy stated that Mr. Chisholm could not have been deposed earlier, because Cayman Islands law does not allow for discovery depositions, only testimony given at time of trial.  Mr. Lovejoy has submitted no evidence on Cayman Islands law to the Court supporting this assertion.

[3] It was during this telephone call that the parties were first made aware that jury selection would take place on November 2, 2005, with evidence to begin on November 28, 2005.  (The trial date later was moved to November 29, 2005 to allow the parties a final settlement

the Court or his fellow attorneys that this missing witness had emerged or that he remained interested in calling Mr. Chisholm as a witness.

Federal Rule of Civil Procedure 43 provides that the Court "may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location." The Advisory Committee Notes to that rule further instruct that "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known . . . ." See Advisory Committee Notes, 1996 Amendment, Fed. R. Civ. P. 43 (emphasis added). The defendants unjustifiably delayed this motion until November 7, 2005—at least six weeks after Attorney Lovejoy made contact with Mr. Chisholm, after jury selection had concluded, and only three weeks before the beginning of evidence. The Court does not find that the defendants have established good cause and the compelling circumstances required to so disrupt the preparation and trial of this case (and work resultant prejudice to the other parties) at so late a date.[4]

The issuance of a letter rogatory is within the Court's discretion. See, e.g., United States v. Salim, 855 F.2d 944, 948-49 (2d Cir. 1988). For the above reasons, the Court chooses not to exercise that discretion. The Defendants' Motion for Expedited Issuance of a Letter of Request

---

conference.) The Court also notes that it should not have surprised any of the parties that this case was imminent for trial, as jury selection previously had been scheduled for August 18, 2004; June 2, 2005; and September 21, 2005.

[4] The Court also is unsure what "appropriate safeguards" Mr. Chisholm's testimony would enjoy. The defendants have failed to provide the Court with any information as to the Cayman Islands law or judicial procedure that would apply here.

3

[Doc. # 223] therefore is DENIED.

So ordered this _15th_ day of November 2005 at Hartford, Connecticut.

/s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**